UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 12-068-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN WALKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Karen Walker is currently serving a term of imprisonment of 160 months as a result of her involvement in a conspiracy to distribute oxycodone. [Record No. 59] Proceeding *pro se*, Walker has filed a motion to reduce her sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 65] She has also provided the Court with a list of classes she has completed during her imprisonment. [Record No. 65-1] After reviewing Walker's motion, the attached class list, and the record of this proceeding, the Court finds that a reduction of her sentence is not warranted.[1]

---

[1]     The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

As outlined in the defendant's Presentence Investigation Report ("PSR"), on or about December 10, 2012, the Drug Enforcement Administration ("DEA") arranged for a controlled delivery of 851 oxycodone 30 mg pills from Walker to a cooperating witness. [PSR, p. 3]  When Walker arrived at the meeting location, Kentucky State Police executed a traffic stop.  The oxycodone pills, $12,500.00, and a loaded firearm were recovered.  [*Id.*] After being placed under arrest, Walker spoke with DEA agents and stated that she had been bringing oxycodone pills into Kentucky as many as three times per month for approximately a year.  [*Id.*, p. 4]   In total, the defendant was found to be responsible for distributing approximately 10,000 oxycodone 30 mg pills.

On December 20, 2012, a three-count Indictment was returned against Walker charging her with conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) (Count Two), and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  [Record No. 10]  Thereafter, Walker pleaded guilty to Counts One and Three on July 11, 2014.  [Record No. 48]

The defendant's Base Offense Level for Count One was calculated as 32 under the 2013 guidelines.  She received a two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1, because she failed to appear for court on May 10, 2013, and absconded from pretrial supervision.  [PSR, p. 4]   Walker also received a two-level reduction for

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.  As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether appointment of counsel is warranted.  Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

acceptance of responsibility.   Combining her Total Offense Level of 32 with her Criminal History Category of I, the defendant's non-binding guideline range for imprisonment regarding Count One was 121 to 151 months.  [*Id.*, p. 8]  Additionally, she was subject to a mandatory minimum term of imprisonment of 60 months for Count Three to run consecutively to the term of imprisonment imposed on Count One.  *See* 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii).

During the sentencing hearing held on October 24, 2014, the Court evaluated all relevant factors under 18 U.S.C. § 3553.  [Record No. 55]  This analysis included consideration of the seriousness of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, and the need for adequate general and specific deterrence to future criminal conduct.  The Court determined that a sentence of 60 months was proper on Count Three.  [Record No. 59, p. 2]  Regarding Count One, the Court granted the defendant's oral motion for a sentence below the guideline range.[2]  [Record No. 55]  After considering the defendant's education, family support, strong employment history, information presented during a sealed bench conference, and the likely reduction to the drug quantity tables at issue in this motion, the Court found that a sentence of 100 months (21 months below the non-binding guideline range) was warranted.  [*See Statement of Reasons*, p. 3]  Thus, Walker was sentence to a total term of imprisonment of 160 months.  [Record No. 59]

The undersigned continues to believe that the sentence originally imposed is not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a).  The

---

2       The government objected to the sentence below the guideline range.  [*Statement of Reasons*, p. 3]

defendant was an integral part in importing and distributing large amounts of oxycodone. Such crimes threaten the safety of the public and have consistently shown to have an extremely detrimental impact on the communities of the Eastern District of Kentucky.

Further, the Court's original sentence was well below the applicable guideline range. In imposing such a sentence, the Court took into consideration the reduction now sought by the defendant. [*See Statement of Reasons*, p. 3] Therefore, **the defendant has already received the relief requested in the current motion**.[3] As a result of the substantially reduced sentence, an additional reduction would unduly diminish the seriousness of her criminal conduct and fail to provide specific deterrence to Walker or general deterrence to others inclined to participate in similar conduct. An additional reduction to the defendant's sentence is not proper under the circumstances presented. Accordingly, it is hereby

**ORDERED** that Defendant Karen Walker's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 65] is **DENIED**.

This 14th day of August, 2015.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge

---

3     Application of Amendment 782 would reduce Walker's Total Offense Level to 30, resulting in a non-binding guideline range of 97 to 121 months. Pursuant to the policy statement in U.S.S.G. § 1B1.10(b)(2)(A), "the court shall not reduce [a] defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." There is an exception to this limitation in cases where a sentence less than the applicable guideline range was originally imposed "pursuant to government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Because Walker's original sentence was not imposed pursuant to a government motion reflecting substantial assistance, the Court could only reduce the defendant's sentence to 97 months.