UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 6:12-CR-68-DCR-HAI |
| v. | ) | |
| KAREN WALKER, | ) | RECOMMENDED DISPOSITION |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 5, 2015, pro se Defendant Karen Walker timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 67. Pursuant to local practice, the motion was referred to the undersigned for the issuance of a recommended disposition. Having fully reviewed and considered the motion, response, and record, the Court recommends that Walker's motion be **DENIED**. In sum, Walker has failed to establish that she is entitled to relief pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On December 20, 2012, via indictment returned by a grand jury, Walker was charged with conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, possession of oxycodone with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and carrying and using a firearm in furtherance of the possession with intent to distribute charge in violation of 18 U.S.C. § 924(c)(1)(A). D.E. 10. At arraignment, the Court appointed Hon. Eric S. Edwards to defend Walker pursuant to the Criminal Justice Act. D.E. 17. On May 10, 2013, Walker failed

to appear for her scheduled re-arraignment. D.E. 30. Eventually she was arrested in the Eastern District of Michigan for that failure to appear on March 21, 2014. D.E. 35.

On July 11, 2014, Walker appeared before District Judge Danny C. Reeves and, pursuant to a written plea agreement, plead guilty to the conspiracy charge and the § 924(c) charge. D.E. 48. Walker was placed under oath and warned that the failure to be truthful could result in a prosecution for perjury or making a false statement. D.E. 71 at 3-4. After thorough questioning, Judge Reeves found that Walker was competent. *Id*. at 5-11, 47. Next, Judge Reeves confirmed that Walker had read and understood her plea agreement, had consulted with Edwards about its terms, that she entered into it voluntarily and absent any coercion, and that the plea agreement contained all promises made that induced her guilty plea. *Id*. at 12-19. Judge Reeves carefully explained the rights Walker would waive by pleading guilty, and she confirmed her understanding of those rights. *Id*. at 19-20, 32-35. Walker was informed of, and indicated she understood, the minimum and maximum penalties, sentencing process, and appellate/collateral review waivers contained in the plea agreement. *Id*. at 20-31. Judge Reeves confirmed Walker understood the charges and what the United States would be required to prove in order for her to be convicted, thoroughly questioned Walker about the factual basis for her guilty plea, and then accepted her plea. *Id*. at 35-47. Notably, before pleading guilty, Walker re-read the description of the essential elements of the offenses contained in the plea agreement. *Id*. at 46.

On October 24, 2014, Walker was sentenced by Judge Reeves to imprisonment for a total of 160 months, consisting of consecutive terms of 100 months on the conspiracy offense and 60 months on the § 924(c) offense, with a three-year term of supervised release to follow. D.E. 59.

Walker did not appeal, but did timely file the § 2255 motion currently pending. In her motion, Walker asserts the following four grounds for relief:

1. "Defendant should not have been charged with Firearm Charge. This was an element." D.E. 67 at 4.

2. "My judge failed to go over the Supervised Release conditions as required under 18 USC 3553(a)." *Id*. at 5.

3. "My attorney was ineffective due to the fact that he coerced me into taking my plea agreement when I disagreed with the gun charge." *Id*. at 6.

4. "The court failed to properly take into consideration the 3553(a) factors where it states not a sentence greater than necessary." *Id*. at 8.

Based upon these claims, Walker requests that the Court "remove the 5 year enhancement for the gun and an additional 30 months since the court violated my Due Process Rights under [*United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015)]." *Id*. at 12.

Walker does not request an evidentiary hearing. She acknowledges that she did not file a direct appeal, but claims throughout her motion, without elaboration, that Edwards "failed to effectively explain the process so I was confused" and that he did not "properly" explain the process. *Id*. at 3-9.

As ordered, the United States responded (D.E. 79), but Walker did not timely reply.

## II. DISCUSSION

Generally speaking, a prisoner has a statutory right to collaterally attack her conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("both the right to appeal and the right to seek post-conviction relief are statutory rights"). For a federal prisoner to prevail on a § 2255 claim, she must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255. If the prisoner alleges a constitutional error, she must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that

3

the error "had a substantial and injurious effect or influence on the proceedings," *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, if the prisoner alleges a non-constitutional error, she "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (quotation omitted).

The Court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

**A. Waiver of Right to Collaterally Attack Guilty Plea, Conviction and Sentence**

Like other statutory and constitutional rights, the right of collateral attack may be waived. *Watson*, 165 F.3d at 489 ("a defendant''s informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."). There are, however, certain exceptions to this rule. A prisoner may challenge the validity of such a waiver if "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52 (1985) . . . ." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The *Acosta* court reasoned that "it would be entirely circular for the government to argue that the defendant

4

has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id*.

Walker's plea agreement states "[w]ith the exception of claims of ineffective assistance of counsel, the Defendant waives the statutory right to **collaterally attack** the guilty plea, conviction, and sentence." D.E. 57 at 5. In ground 3 of her motion, Walker asserts a claim of ineffective assistance of counsel, which clearly is outside the scope of her waiver. However, Walker's claims in grounds 1, 2, and 4 clearly fall within this waiver and are foreclosed to the extent the waiver was knowing, voluntary, and intelligent, and not the product of ineffective assistance of counsel. Walker does not specifically claim that her collateral attack waiver was invalid, but does generally claim she was coerced into pleading guilty by Edwards. Thus, the court will first analyze whether Walker's plea and collateral attack waiver were knowing and intelligent, and will then turn to her claim of coercion.

   *i.*  *Walker's Plea was Knowing and Intelligent*

A guilty plea is only valid "if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). Federal Rule of Criminal Procedure 11 "is meant to ensure that the district court is satisfied that" this requirement has been met. *Id.* Thus, Rule 11 requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79. Here, Judge Reeves thoroughly discussed these Rule 11 requirements with Walker. He ensured that Walker had received a copy of the indictment, that she had an opportunity to review the indictment with her attorney, and that she understood the charges contained in the indictment. D.E. 71 at 11-12.

5

Likewise, Judge Reeves verified that Walker had received a copy of the plea agreement, that she had an opportunity to read it, and that she understood it:

> THE COURT: Ms. Walker, I have received your written plea agreement. The plea agreement itself is a seven-page document, and on the sixth and seventh pages of the plea agreement it has the attorney's signatures, and I recognize their signatures.
> And those same signatures appear on the supplement to the plea agreement.
> Now, in addition to the attorneys, it appears that you've also signed both of those documents, and I understand these are the final documents. There may have been some drafts earlier, but these are the final documents. And it indicates that you signed the documents today, July 11th.
> Let me first confirm that this is your signature on both documents; and, in fact, you signed these final documents today. Is that correct?
>
> WALKER: Yes.
>
> THE COURT: Before signing these documents, did you have a chance to read through each one?
>
> WALKER: I -- yes.
>
> THE COURT: All right. I know you may have looked at these before.
>
> WALKER: Yes.
>
> THE COURT: Or earlier drafts with your attorney. But let me make sure that you've had sufficient opportunity to discuss both of these documents with your attorney before you signed them. Is that correct?
>
> WALKER: Yes.
>
> THE COURT: And you feel like you understand the terms and conditions of your plea agreement and the supplement? Is that also correct?
>
> WALKER: Yes.

*Id*. at 12-14. Not only did Walker indicate that she understood the terms of the plea agreement, but the United States recited the essential terms of the agreement in open court. *Id*. at 14-19. The Court also thoroughly explained the constitutional rights Walker would be giving up by

6

pleading guilty, including the right to a speedy trial, the right of confrontation, the right of compulsory process, and the right to remain silent. *Id* at 32-35. Walker was informed of, and indicated she understood, the minimum and maximum penalties and sentencing process. *Id*. at 20-28.

Judge Reeves thoroughly explained the effect of the waiver provision contained in the plea agreement, and confirmed Walker understood the consequences of that waiver:

> THE COURT: And then in paragraph 8, and I want to take some time and go over this with you and see if you have any questions about it.
> In paragraph 8, you agree that with the exception of any claim of ineffective assistance of counsel, that you waive the statutory right to collaterally attack the guilty plea, the conviction, and the sentence in the case.
> Now, let's -- let's take a moment, and let's talk about a collateral attack, and I want to make sure that you understand what that means.
> When you give up the right to collaterally attack something, that means you're giving up the right to file a separate lawsuit to challenge it. Sometimes it's referred to as habeas motion or a habeas proceeding.
> You do understand that with the exception of a claim of ineffective assistance of counsel you're giving up those rights with regard to the guilty plea, the conviction, and the sentence. You do understand that?
>
> WALKER: Yes.
>
> THE COURT: Now, that does not relate to a direct appeal. Now, let's talk about a direct appeal, and that would be an appeal filed after the sentencing proceeding would take place.
> Paragraph 8 also states that you're waiving the right to -- the statutory right to appeal the guilty plea and the conviction. In other words, that's a full and complete waiver. You wouldn't be able to challenge those matters on a direct appeal to the Sixth Circuit.
> And you do understand that?
>
> WALKER: Yes.
>
> THE COURT: But you are not giving up the right to appeal the sentence in the case. In other words, once the sentencing hearing takes place,

|  |  |
|---|---|
|  | you would have 14 days after the judgment has been entered to file a direct appeal with the Sixth Circuit if you disagree with any part of the sentence that's imposed in the case.<br>You do understand that? |
| WALKER: | Yes. |
| . . . |  |
| THE COURT: | All right. Any questions about the waiver paragraphs that we've just talked about? |
| WALKER: | No, sir. |

*Id*. at 29-31.

Judge Reeves certainly satisfied Rule 11 with respect to the knowing and intelligent components of ensuring that the plea and collateral attack waiver provision were valid. Indeed, Walker does not claim that her plea is invalid because either of those components is lacking, but does claim that Edwards coerced her into pleading guilty and that such coercion constitutes ineffective assistance of counsel rendering her plea involuntary.

> ii.. *Walker's Plea was Voluntary and Not the Product of Ineffective Assistance*

Walker's claim of ineffective assistance of counsel due to coercion has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second component, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Where, as here, the ineffective-assistance claim arises out of the plea process, a § 2255 movant "must show that there is a reasonable

8

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant has the burden of making both showings. *Strickland*, 466 U.S. at 687. However, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

> The entirety of the factual basis for Walker's claim of coercion states:
>
> Please see the transcript where my attorney yelled at me in open court about taking the gun charge. I told him I didn't want to take the gun charge because I didn't use the gun for furtherance of a crime. I didn't and don't leave the gun at home because I have minor children. **You will see on the record where there was a 30 minute recess and it was then that I told my attorney not to accept the gun charge and he still did.**

D.E. 67 at 6 (emphasis in original). The record contradicts Walker's vague allegations of ineffective assistance of counsel.

During Walker's re-arraignment, there was indeed a recess to allow for Walker and Edwards to discuss the factual basis for, and Walker's understanding of, the § 924(c) charge. D.E. 71 at 42-43. Prior to that recess, Walker affirmed that she was satisfied with Edwards's advice and representation. *Id.* at 12. The recess was taken because the colloquy up to that point had not established a sufficient factual basis to support a § 924(c) conviction. Walker had previously said that she possessed a firearm in her purse while transporting "Roxicodone pills" from Michigan to Kentucky, but when asked whether she did so "for your protection in the course of this transcation," she responded that she "had the firearm for general protection, not necessarily for here," and that she "carried it everywhere I went" because she did not want to leave it home with her teenage children. *Id.* at 37-38. She later said that, although she possessed the firearms "during" the drug trafficking offense, she "wasn't carrying it for – because I had the

9

drugs, no. I was carrying it because I carried it everywhere I went." *Id*. She also said she was not fearful, and had no reason to be. *Id*. Then, when asked if the firearm was seized "during and in relation to the drug trafficking offense," Walker responded "[i]t was seized because it was – it was in my possession during the commission of a crime, yes." *Id*. at 41. When counsel for the United States indicated those answers did not provide a sufficient factual basis to support a plea to the § 924(c) charge, Judge Reeves indicated he was not prepared to accept a plea to that charge and made clear that matter could be scheduled for trial, then recessed the hearing for twenty minutes to allow Walker to talk to Edwards about the issue. *Id*. at 42.

When the hearing re-commenced, the following exchange occurred:

> WALKER: Yes. The gun that I had -- it was in my possession in Laurel County. It was in my purse at the time that this offense occurred when I got pulled over.
>
> THE COURT: This offense you mean the drug offense?
>
> WALKER: The drug offense, yes.
>
> THE COURT: All right.
>
> WALKER: And the gun, the CCW actually was even purchased with money from a previous -- with proceeds that were obtained through a drug trafficking crime.
>
> THE COURT: Drug offense, all right.
>
> WALKER: And the gun was being carried. And had anyone tried to physically kill me, rape me, I, you know, would have pulled the gun for my protection. But had someone said, give me the pills, I would have gave them the pills. They were not mine. I would not have hurt anyone over the drugs. So I wasn't carrying it because I was intending to use it for protection in that sense. I carried it at all times for protection of my physical body.
>
> THE COURT: All right. And it happened that at this time that you had possession of it, you were engaged in a drug trafficking offense?

>  WALKER: Yes. It just happened that -- it was always in my possession. I never left home without it. It was always in my purse.

*Id*. at 44-45.

Then Judge Reeves clarified that, at trial, the United States would be required to prove certain elements set forth in the plea agreement, and asked if Walker believed that could be done. *Id*. at 45-46. Walker requested to re-read those elements, and answered "yes." *Id*. at 46.

Finally, Judge Reeves ensured the voluntary nature of the plea before Walker actually pled guilty:

>  THE COURT: All right. Then finally let me ask you this. Is it your intention to enter a plea of guilty to Counts 1 and 3 because you are, in fact, guilty of those offenses and for no other reasons?
>
>  WALKER: Yes.

*Id.* at 46.

This record establishes that Walker pled guilty to the § 924(c) charge freely without raising any concern whatsoever that Edwards had coerced her into doing so during the recess. Having so stated in open court, under oath, Walker's attempt now to contradict that record fails. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Walker has not overcome this presumption of veracity. Her claim of coercion primarily fails for lack of specificity. *See Elzy v. United States,* 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel); *see also Robinson v. United States,* 582 F.Supp.2d 919, 926 (N.D.Ohio 2008) (citing with approval several cases holding that vague and conclusory assertions in a section 2255 motion are insufficient to warrant relief).

Walker merely says that, during the recess, she instructed Edwards "not to accept the gun charge" but "he still did." D.E. 67 at 6. She claims she "didn't want to take the gun charge because [she] didn't use the gun for furtherance of the crime." *Id*. She fails to explain precisely how Edwards pressured or manipulated her into pleading guilty. Thus, she makes only vague and conclusory allegations without specifics that fail to establish deficient performance.

Based upon the review of the record, it is clear that Walker was fully aware of the consequences of pleading guilty, including the effect of the waiver provision contained in her plea agreement, and pled guilty in a voluntary fashion. Thus, the Court finds that Movant's plea and collateral attack waiver were knowing, intelligent, voluntary, and not the product of ineffective assistance of counsel.

This means that Walker has waived the right to assert the claims stated in grounds 1, 2, and 4.

### B. Procedural Default

Even if Walker had not waived the right to assert the claims in grounds 1, 2, and 4 on collateral attack, the Court still could not entertain them because they are procedurally defaulted. A federal prisoner's failure to raise a claim on direct appeal, excepting claims of ineffective assistance of counsel which ordinarily cannot be brought on direct appeal, results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). A procedurally defaulted claim may nonetheless obtain review if the prisoner can show cause to excuse her failure to raise the claim on direct appeal and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700. If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced. *Bousley*, 523 U.S. at 623.

In addition to the collateral attack waiver discussed in detail above, Walker waived "the statutory right to **appeal** the guilty plea and conviction." D.E. 57 at 5 (emphasis in original). However, the plea agreement also states "Defendant reserves the right to **appeal** the sentence." *Id*. Judge Reeves thoroughly discussed this waiver with Walker during her re-arraignment, confirmed that she understood it, and even informed her that a notice of appeal as to her sentence could be filed on her behalf by the Clerk if she was not able to contact her counsel. D.E. 71 at 29-31. Moreover, this waiver was valid for all the reasons discussed above concerning the validity of Walker's collateral attack waiver.

Ground 1 of Walker's § 2255 motion attacks the validity of her § 924(c) conviction, and is therefore clearly subject to her appellate waiver. However, such a waiver does not excuse her procedural default of this claim. *See Rivera v. Warden*, 27 F. App'x 511, 515 (6th Cir. 2001) (relying upon a direct appeal waiver to support procedural default); *see also United States v. West*, Criminal No. 12-01-ART-(2), 2014 WL 4693706, *2 (E.D. Ky. Sept. 22, 2014) (because the petitioner "waived his right to appeal, the lack of appeal cannot serve to excuse the procedural default"); *Smith v. United States*, Cr. No. 2:10-cr-20113-01-JPM, 2015 WL 6869284, *16 (W.D. Tenn. Nov. 9, 2015) (relying on *Rivera*). Grounds 2 and 4 were not subject to Walker's appellate waiver and certainly could have been raised on appeal.

In her motion, Walker does assert that she did not appeal because Edwards "failed to effectively explain the process so I was confused" and that he did not "properly" explain the process. *Id*. at 3-9. The Court construes this as a claim of ineffective assistance of counsel to excuse Walker's procedural default. However, Walker does not provide any specifics concerning any advice allegedly given, or not given, by Edwards such as when any conversations between the two occurred, what the advice was or should have been, or any decision she made as

13

a result.  Vagueness again dooms Walker's assertions.  *See Elzy*, 205 F.3d at 886 (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel); *see also Robinson,* 582 F.Supp.2d at 926  (citing with approval several cases holding that vague and conclusory assertions in a section 2255 motion are insufficient to warrant relief).

Finally, Walker cannot establish prejudice because Judge Reeves thoroughly described to her the nature of her right of direct appeal, the fourteen-day time frame for filing a notice of appeal, and the ability of the Clerk's office to file such a notice for her.  D.E. 71 at 29-31.  Walker confirmed, under oath, that she understood all these matters.  Again, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." *Blackledge*, 431 U.S. at 74.  Walker's vague claim of ineffective assistance fails to overcome this presumption so as to sufficiently create prejudice to excuse her procedural default.

To the extent ground 1 of her motion asserts a claim of actual innocence, Walker would have to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted her.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  This requires a demonstration of factual innocence as opposed to mere legal insufficiency.  *Id*.  Walker's claim that she did not show or use the gun, kept it in her purse, and kept it with her out of fear of leaving it with her children does not actually contradict her sworn declaration in open court that she would have "pulled" the gun for protection during her drug trafficking, and therefore does not establish the requisite probability that no reasonable juror would have convicted her.  Thus, to the extent she makes a claim of actual innocence, it falls far short of excusing her procedural default.

The Court therefore finds that grounds 1, 2, and 4 are procedurally defaulted.

### C. All of Walker's Claims Fail on Their Merits

Even if not subject to her collateral attack waiver or procedural default, Walker's claims in grounds 1, 2 and 4 are not sufficient to entitle her to habeas relief. Additionally, her claim of ineffective assistance of counsel fails as well. The Court will address each claim in turn.

*i.* Ground 1

Walker asks that her "5 year enhancement" (D.E. 67 at 12) for her § 924(c) conviction be removed because she did not show or use the gun, kept in her purse, and kept it with her out of fear of leaving it with her children, and that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) requires that any facts increasing her mandatory minimum constitute an "element" of the offense that has to be submitted to a jury. D.E. 67. Walker misunderstands the effect of *Alleyne* and the basis for her conviction.

In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not apply to fact-finding in support of statutory mandatory minimum sentences. *Alleyne*, 133 S. Ct. at 2163; *Harris*, 536 U.S. at 557. Thus, under *Harris*, while "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 503 U.S. at 490, the same was not true for facts increasing mandatory minimum sentences. *Harris*, 536 U.S. at 557.

In overruling *Harris*, the Court found that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2158. The Court also noted that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Id.* at 2160.

15

Thus, other than the fact of a prior conviction, any fact that increases the prescribed statutory minimum must be established beyond a reasonable doubt. However, that does not mean such facts must be found by a jury, for it is universally recognized that such facts may be established by a knowing, voluntary, and intelligent guilty plea supported by an adequate factual basis. *United States v. Booker*, 543 U.S. 220, 244 (2005) (recognizing that facts admitted by a defendant need not be proven to a jury beyond a reasonable doubt).

Walker admitted, under oath, that, on the date of her arrest, she was trafficking in drugs, and that she possessed a gun that she carried at all times for protection and "had anyone tried to physically kill me, rape me, I, you know, would have pulled the gun for my protection." D.E. 67 at 44. Such evidence is sufficient to establish the "in furtherance of" requirement § 924(c). *See United States v. Ray*, 803 F.3d 244, 264-65 (6th Cir. 2015) (discussing possession of a firearm during drug trafficking for personal protection). Because *Booker* recognizes that facts admitted by a defendant need not be proven to a jury beyond a reasonable doubt, ground 1 does not entitle Walker to any relief.

    *ii.*    Ground 2

Walker claims that Judge Reeves only reviewed a few of her supervised release conditions, that he did not explain eight enumerated conditions or standard conditions, and that failing to do so violates 18 U.S.C. § 3553(a) and *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). D.E. 67 at 5, 14. She also argues that the § 3553(a) factors were not sufficiently addressed by Judge Reeves.

The Seventh Circuit stated in *Thompson*:

> Many district judges appear to have overlooked the fact that because the imposition of conditions of supervised release is part of the sentence, a sentencing judge is required by [*Booker*] to evaluate the propriety of any conditions of

16

>supervised release that the judge is thinking of imposing, by applying to the proposed conditions the sentencing considerations listed in 18 U.S.C. § 3553(a).

*Thompson*, 777 F.3d at 373.

First, *Thompson* is not binding on this Court. Second, far from the general concern of a lack of thoroughness underlying this pronouncement in *Thompson*, Judge Reeves thoughtfully considered and explained his analysis of all of the § 3553(a) factors when he announced Walker's sentence. D.E. 72 at 21-30. Walker has not provided any binding authority, or even specific argument, that Judge Reeves's discussion of the factors and resulting imposition of her supervised release conditions was somehow insufficient.

Nor does she provide any authority whatsoever concerning her suggestion that Judge Reeves erred somehow by reviewing some, but not all, of the conditions of her release. The record makes clear that Judge Reeves reviewed all of the conditions described as "special conditions" in Walker's judgment. *Compare* D.E. 59 at 4 *with* D.E. 72 at 31-34. Judge Reeves announced Walker would be subject to the standard conditions adopted by this District, but did not specifically review each and every standard condition of release. D.E. 72 at 30. Moreover, Judge Reeves did not review certain of the "explicit" conditions required to be imposed pursuant to 18 U.S.C. § 3583(d), such as the condition that defendant not unlawfully possess or use a controlled substance (D.E. 72 at 30-33). The law is not settled in this area. *See United States v. Swanson*, 209 F. App'x 522, 524 (6th Cir. 2006) ("Section 3583(f) 'presumes that the sentencing court will *not* read at sentencing each of the standard [clarified at footnote 2 to mean "explicit" conditions pursuant to 18 U.S.C. § 3583(d)] conditions imposed on a defendant, and will leave the administration of supervision to a duly authorized probation officer'" and declining to decide whether special conditions must be announced); *see also United States v. Martin*, 526 F. App'x 643, 648 (6th Cir. 2013) (citing *Swanson*); *United States v. Calhoun*, 513 F. App'x 514, 518 (6th

Cir. 2013) (same). *Swanson* makes clear, however, that habeas relief is not required because "explicit" conditions under 18 U.S.C. § 3583(d) are deemed included in a sentence unless the sentencing court specifically says otherwise. *Swanson*, 209 F. App'x at *524.

For all these reasons, Walker is not entitled to relief on her claim in ground 2.

  *iii*. Ground 3

Walker's claim of ineffective assistance of counsel on the basis that Edwards coerced her into pleading guilty is addressed above in the discussion of the validity of her collateral attack waiver. As found above, her conclusory allegations are too vague and are contradicted by the record so as to support a claim of ineffective assistance of counsel.

  *iv*. Ground 4

In her final claim, Walker asserts that Judge Reeves did not properly take into account the § 3553(a) factors and the need to impose a sentence sufficient, but not greater than necessary, to address those factors. D.E. 67 at 8. She summarily contends that her record, history as a mother and productive member of society, and lack of physical harm caused to anyone "should have been looked at more carefully[.]" *Id*. She also refers to the Supreme Court decision in "Johnson," in support of this argument, but fails to provide the citation or other identifying information concerning that case. Judge Reeves thoughtfully considered and explained his analysis of all of the § 3553(a) factors when he announced Walker's sentence. D.E. 72 at 21-30. He specifically announced that the sentence was, in his belief, "sufficient, but not greater than necessary, to comply with the purposes of Title 18, Section 3553." *Id*. at 29. For a sentence to be substantively reasonable, "it must be proportionate to the seriousness of the circumstances of the offense and offender, and 'sufficient, but not greater than necessary, to comply with the purposes'" of § 3553(a). *United States v. Ronald Smith,* 505 F.3d 463, 470 (6th Cir. 2007) (citing

*United States v. Davis,* 458 F.3d 491, 496 (6th Cir. 2006), *vacated,* 552 U.S. 1088 (2008)). Walker wholly fails to establish any error with respect to Judge Reeves's consideration of the § 3553(a) factors or the sentence imposed.

### III.  CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).  For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to each and every claim presented by Walker.  However, no reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue. Moreover, many of Walker's claims are procedurally barred, but no jurist of reason would find that the question of whether the motion states a valid claim of the denial of a constitutional right

is debatable. Nor would any jurist of reason find the correctness of the procedural rulings above to be debatable.

## IV. AN EVIDENTIARY HEARING IS NOT REQUIRED

Walker does not specifically request an evidentiary hearing, nor is she entitled to one. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here, the record conclusively shows that Walker is entitled to no relief. Thus, an evidentiary hearing is not required.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Walker's motion (D.E. 67) for 28 U.S.C. § 2255 relief. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to all claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of February, 2016.



Signed By:
_Hanly A. Ingram_
United States Magistrate Judge