UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 12-068-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 6: 15-179-DCR |
| V. ) | |
| ) | |
| KAREN WALKER, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Karen Walker's *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Record No. 67] Pursuant to 28 U.S.C. § 636(b)(1)(B), the motion was referred to a United States Magistrate Judge for issuance of a report and recommendation. On February 4, 2016, Magistrate Judge Hanley A. Ingram issued a Recommended Disposition, recommending that Walker's motion be denied. [Record No. 81] Additionally, Magistrate Judge Ingram recommended that a Certificate of Appealability not be issued. *Id.* Neither Walker nor the United States have filed objections to the Recommended Disposition.

**I.**

While this Court review *de novo* those portions of a magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file

objections to the magistrate judge's findings of fact and recommendations waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Walker did not file objections to the report and the time to do so has expired. Nevertheless, the Court has still reviewed the record *de novo*. After fully considering the record, the Court agrees with the magistrate judge's analysis and conclusions.

## II.

On December 10, 2012, Walker was arrested by Kentucky State Police during a traffic stop. [Record No. 1-1, p. 3] A search of her vehicle and person revealed large quantities of oxycodone pills, cash and a firearm. *Id.* During her arraignment, the Court appointed Eric Edwards to represent her. [Record No. 17] Walker failed to appear for her first scheduled re-arraignment on May 10, 2013. As a result, a warrant was issued for her arrest. Later, in 2014, Walker was arrested in Michigan for failure to appear. [Record No. 35]

At her second scheduled re-arraignment on July 11, 2014, Walker pled guilty to conspiring to distribute oxycodone in violation of 21 U.S.C. § 846 (Count 1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). [Record Nos. 48 and 59] Walker was sentenced on October 24, 2014, to a 100-month term of imprisonment on Count 1 and a 60-month term of imprisonment on Count 2, to run consecutively. [Record No. 59, pp. 1-2]

On October 5, 2015, Walker filed the present motion to vacate under 28 U.S.C. § 2255. [Record No. 67] Walker challenges: (i) her conviction for possession of a firearm; (ii) the undersigned's explanation of her supervised release conditions; (iii) the performance of

her appointed counsel who she claims coerced her to enter the plea agreement; and (iv) the undersigned's consideration of the sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* As Magistrate Judge Ingram explained in his Recommended Disposition, Walker has not alleged sufficient facts to entitle her to relief based on ineffective assistance of counsel. [Record No. 81, p. 11] All of her other claims are procedurally barred. *Id.* at 12-14.

### III.

A.   **Ineffective Assistance of Counsel**

To succeed on an ineffective assistance of counsel claim, Walker must prove that her counsel's performance was so deficient that, absent his error, it is reasonably probable that she would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Walker claims that her attorney "coerced" her into pleading guilty to the firearm charge, but the only evidence she offers in support is the re-arraignment transcript and the long recess taken during the plea colloquy. [Record No. 67, p. 6] But as the magistrate judge observed, Walker agreed during the plea colloquy that she was satisfied with her counsel's advice and representation. [Record No. 71, p. 12]

A recess was taken when Walker refused to admit that she had used the gun found in the car in furtherance of a drug trafficking offense. *Id.* at 42. Because she failed to establish a sufficient factual basis for her plea, the Court allowed Walker to meet with her counsel and determine whether to proceed with the guilty plea. *Id.* Before the recess, the undersigned told Walker that a trial could still be scheduled. *Id.* Following the recess, Walker admitted that she carried the gun for personal protection when she was transporting drugs. *Id.* at 44-45.

As Magistrate Judge Ingram recognized, sworn testimony in open court is entitled to a "strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and Walker's factual allegations are insufficient to overcome that presumption.  Relief here is unwarranted because Walker only offers vague and conclusory statements in support of her ineffective assistance of counsel claim.  *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).  Further, those statements contradict her sworn testimony that her counsel's performance was satisfactory and that she, in fact, committed the charged firearm offense.

**B.    Waiver and Procedural Bar on Other Claims**

By signing the plea agreement, Walker agreed to waive her right to collaterally attack her guilty plea, conviction, and sentence.  [Record No. 57, p. 5]  And as the Recommended Disposition discusses in more detail, the transcript of Walker's plea colloquy reveals that her plea was knowing, intelligent, and voluntary.  [Record No. 81, pp. 5-12]  Accordingly, Walker waived the right to bring all of the collateral attacks she raises in this § 2255 motion, with the exception of her ineffective assistance of counsel claim.  *See in re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

In her plea agreement, Walker also waived the right to directly appeal her guilty plea and conviction but reserved the right to appeal her sentence.  *Id.*  Generally, the failure to raise a claim on direct appeal results in procedural default of that claim.  *Bousley v. United States*, 523 U.S. 614, 621 (1998).  At Walker's re-arraignment, the undersigned thoroughly reviewed the waiver provisions contained in the plea agreement and their ramifications.  [Record No. 71, pp. 29-31]  Walker was also informed that if she wished to appeal her sentence, she should file a notice with the Sixth Circuit Court of Appeals within fourteen days of the judgment's entry.  *Id.*  And at the conclusion of the sentencing hearing, Walker

was again notified of the procedure for seeking to appeal. Nevertheless, Walker did not file a direct appeal.

Walker claims that she did not file an appeal because her attorney "failed to effectively explain the process so I was confused." [Record No. 67, p. 3] However, as Magistrate Judge Ingram explained, "[v]agueness again dooms Walker's assertions." [Record No. 81, p. 14] She fails to provide any specifics regarding the advice she did and did not receive. Thus, Walker's ineffective assistance of counsel claim does not save her other claims from procedural default.

Finally, the Court notes that the Recommended Disposition does not address Walker's reliance on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered the constitutionality of 18 U.S.C. § 924(e)(2)(B)(ii). *Id.* at 2557. However, in the present case, the five-year term of imprisonment imposed for Count 3 was based on Walker's violation of 18 U.S.C. § 924(c)(1)(A)(i), not § 924(e)(2)(B). Thus, *Johnson* is inapplicable to this case.

**IV.**

A Certificate of Appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Walker has provided nothing more than conclusory statements to support her ineffective assistance of counsel

claim. Thus, the Court agrees with the magistrate judge that no reasonable jurist would find the above substantive conclusions debatable or wrong.

When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The magistrate judge correctly concluded that even Walker's other claims were not procedurally barred, they would fail on the merits. [Record No. 81, p. 15]  Here, jurist of reason would not question the procedural or substantive conclusions reached by Magistrate Judge Ingram regarding Walker's other claims. Thus, she is not entitled to a Certificate of Appealability on any issue.

Finally, Walker did not specifically request an evidentiary hearing and the record conclusively shows that she is not entitled to relief to relief. Therefore, an evidentiary hearing is not warranted. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**V.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 81] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2.      Defendant Karen Walker's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Record No. 67] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

3.      The Court declines to issue a Certificate of Appealability on any issue.

-7-

This 26th day of February, 2016.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge