UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 12-0068-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 6: 15-00179-DCR |
| V. | ) | |
| | ) | |
| KAREN WALKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 5, 2015, Defendant Karen Walker moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  [Record No. 67]  Pursuant to local practice, the matter was referred to a United States Magistrate Judge for the issuance of a recommended disposition.  *See* 28 U.S.C. 636(b)(1).  On February 4, 2016, Magistrate Judge Hanly A. Ingram issued his report which recommended that the motion be denied and that a Certificate of Appealability not be issued.  [Record No. 81].  Neither Walker nor the United States filed objections to the magistrate judge's report.  Following a *de novo* review of the record, this Court adopted the magistrate judge's recommended disposition in full.  [Record No. 82]  Walker has now filed a motion styled "Appeal to the Recommended Disposition."  [Record No. 84]  Walker also moves for an evidentiary hearing.  *Id.*

Since Walker's motion was filed within 28 days after the entry of Judgment in this matter, the Court considers the motion to be brought pursuant to Federal Rule of Civil Procedure 59(e).  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  Rule 59(e) allows district courts to make corrections, thus sparing parties and appellate courts the burden

of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Rule 59(e) does not provide an avenue for a party to reargue his case or present new arguments that could have been raised prior to judgment. *Id.* Rather, the petitioner "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

In her § 2255 petition, Walker made the conclusory allegation that her attorney coerced her into pleading guilty. [Record No. 84, p. 1] In her current motion, Walker states: "[a] defendant should not be required to take a plea at the last minute while pushed and coerced by her attorney." *Id.* The Court points out that Walker was not at any time required to enter a guilty plea. In fact, she was advised by the Court during her re-arraignment hearing that the matter could still be scheduled for trial. [Record No. 71, p. 42] As explained in the magistrate judge's disposition and in this Court's Memorandum Opinion and Order, Walker expressed a clear understanding of the terms of her plea agreement before entering her guilty plea. [Record Nos. 81, pp. 5–8; 82, p. 3] Walker has failed to identify an error in the Court's prior decision.

Walker also argues that "there is new information in regards to the residual clause and how it affects 924(c) inmates." *Id.* at p. 2. In her § 2255 petition, Walker relied on the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which held that 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness. Apparently conceding that *Johnson* is inapplicable to her case, Walker now argues that federal appellate courts have concluded that the "residual clause" of 18 U.S.C. § 924(c) is also void for vagueness. That does not help Walker for a number of reasons. Most importantly, Walker was convicted under 18 U.S.C. § 924(c)(1)(A)(i), not § 924(c)(3)(B). Further, the cases upon which Walker purportedly relies, for which she has not provided citations, are not decisions of the United States Court of

Appeals for the Sixth Circuit or the United States Supreme Court and, thus, are not binding upon this Court.  Accordingly, Walker is not entitled to relief on this ground.

Having again reviewed the file in this proceeding, the Court finds that Walker has failed to provide any reasons for the Court to alter its earlier analysis.  The files and records of the case show conclusively that Walker is not entitled to relief and no evidentiary hearing is warranted.  *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).  The Court previously declined to issue a Certificate of Appealability because Walker failed to make a substantial showing of a constitutional right.  Nothing in the current motion changes the Court's prior determination.  Accordingly, it is hereby

**ORDERED** that Defendant Karen Walker's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Record No. 84] is **DENIED.**  A Certificate of Appealability shall not issue for the reasons previously announced.

This 6th day of May, 2016.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**