UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Plaintiff,        ) | Criminal Action No. 6:12-068-DCR |
| ) | |
| V.        ) | |
| ) | |
| KAREN WALKER,        ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant.        ) | |

*** *** *** ***

Defendant Karen Walker has filed a second *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 105] She now argues that section 403 of the First Step Act of 2018 and her post-sentencing conduct constitute extraordinary and compelling reasons for release. Because they do not, and because the factors under 18 U.S.C. § 3553(a) do not weigh in favor of granting a sentence reduction, the defendant's motion will be denied.

I.

Walker pleaded guilty to conspiring to distribute oxycodone and possessing a firearm in furtherance of a drug trafficking crime. In October 2014, she was sentenced to a total term of imprisonment of 160 months, followed by three years of supervised release. [Record No. 59] Walker filed a motion for compassionate release based on medical issues in July 2020, which was denied. [Record No. 99] She then appealed the denial of her motion, but the United States Court of Appeals for the Sixth Circuit denied the appeal as untimely. [Record No. 104]

In her current motion, Walker asserts reasons for release that were not raised in her initial motion. Specifically, she relies on section 403 of the First Step Act, which eliminated "stacking" of escalating mandatory-minimum sentences for multiple § 924(c) offenses arising from the same incident. *See United States v. Henry*, 983 F.3d 214, 219 (6th Cir. 2020); First Step Act, § 403, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Walker acknowledges that section 403 is not retroactive to defendants who were sentenced prior to enactment of the First Step Act, but she contends that this change in the law constitutes a compelling and extraordinary reason to reduce her sentence.

**II.**

The court considers three criteria when evaluating motions for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). These include: extraordinary and compelling reasons for release; the factors outlined in 18 U.S.C. § 3553(a); and any applicable policy statements found in the United States Sentencing Guidelines.[1] *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on her own behalf. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, when dealing with motions filed by prisoners, the Court skips this criterion. *Id.* Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.*

---

[1] Defendants also are required to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). It appears the defendant has done so here, as she has provided a response from the Warden indicating that she requested compassionate release on February 15, 2021. [Record No. 105-1, p. 2]

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

### III.

The defendant has not identified any authority indicating that a change in the law may qualify as an extraordinary and compelling circumstance for purposes of compassionate release. *But see United States v. Saleh*, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) ("'This Court need not decide when—if ever—an intervening change in the law might qualify as an 'extraordinary and compelling' reason' under the compassionate release statute."). However, the Court need not confront that issue here, because section 403 of the First Step Act would not afford defendant any relief. Walker was convicted of only one count under § 924(c)—therefore, no "stacking" was involved in determining her sentence and section 403 is not implicated.

Walker reports that she has completed the Bureau of Prisons' Residential Drug Abuse Program and has a plan for community reentry. She also provides documentation indicating that she has completed many educational courses while in custody. The Court commends these efforts. While the Court may consider post-sentencing conduct in determining whether compassionate release is appropriate, release may not be granted based on post-sentencing rehabilitative efforts alone. *See Ruffin*, 978 F.3d at 1009.

And here, the § 3553(a) factors do not warrant a sentence reduction. Walker's crime was extremely serious. She participated in an extensive conspiracy to distribute approximately

10,000 oxycodone 30 mg pills.  She made numerous trips to Michigan to obtain pills, which she brought back for distribution in Bell County, Kentucky.  When Walker was stopped by DEA agents in June 2012, she not only possessed 1000 oxycodone pills, but also a loaded pistol.  After being indicted in this matter, she filed a motion for re-arraignment but failed to appear for the hearing and a warrant was issued for her arrest.  Walker was arrested approximately a year later at which time her bond was revoked and she subsequently pleaded guilty.

The Court recognized during the sentencing hearing that the defendant has many positive attributes, including her lack of criminal history, education, and strong work history.  However, the fact remains that the offenses at issue are very severe.  The advisory sentencing guidelines range for count 1 was 121 to 151 months' imprisonment; the defendant was subject to a mandatory minimum consecutive term of 60 months' imprisonment for count 3.  Acknowledging the defendant's positive characteristics, the Court varied below guidelines range on count 1 and imposed a sentence of 100 months' imprisonment.  Combined with the mandatory consecutive 60-month term for count 3, this produced a total term of 160 months.

The Court remains convinced that a 160-month term of imprisonment remains the appropriate sentence to adequately serve the purposes of § 3553(a) including providing a just punishment, promoting specific and general deterrence, and avoiding unwarranted sentencing disparities.  Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 105] is **DENIED**.

- 5 -

Dated: March 23, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 5 -